# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### August 6, 2013

## STATE OF TENNESSEE v. RICKY LEE NELSON

**Appeal from the Criminal Court for Shelby County**
**No. 89-04384, 89-04385 & 89     J. Robert Carter, Jr., Judge**

---

**No. W2012-00741-CCA-R3-CD  - Filed January 27, 2014**

---

THOMAS T. WOODALL, J., concurring opinion.

I write separately to express my opinion that the result of this case is mandated by the following language in *Powers v. State,* 343 S.W.3d 36, 55 (Tenn. 2011):

> Inevitably, determining whether a petitioner should be afforded DNA testing involves some conjecture, as "it is difficult to anticipate what results DNA testing may produce in advance of actual testing." *State v. Peterson*, 364 N.J. Super. 387, 836 A.2d 821, 827 (N.J. Super. Ct. App. Div. 2003). Under section 40-30-304(1) of the Act, however, we begin with the proposition that DNA analysis will prove to be exculpatory. *Payne v. State*, W2007-01096-CCA-R3-PD, 2007 WL 4258178, at *10 (Tenn. Crim. App. Dec. 5, 2007); *Shuttle v. State*, No. E2003-00131-CCA-R3-PC, 2004 WL 199826, at *5 (Tenn. Crim. App. Feb. 3, 2004). As one jurisdiction has ruled, "the trial court should postulate whatever realistically possible test results would be most favorable to [the] defendant in determining whether he has established" the reasonable probability requirement under that jurisdiction's DNA testing statute. *Peterson*, 836 A.2d at 827. We hold the same to be true under Tennessee's Act.

*Id*.

While we review the trial court's decision under an abuse of discretion standard, *Thomas Edward Kotewa v. State*, No. E2011-02527-CCA-R3-PC, 2012 Tenn. Crim. App. LEXIS 872, at *15 (Tenn. Crim. App. Oct. 26, 2012), in my opinion the trial court's width of discretion has been extremely narrowed.

---

THOMAS T. WOODALL, JUDGE